Bert P. Krages II, OSB No. 87279
Attorney at Law
6665 S.W. Hampton Street, Suite 200
Portland, OR 97223
Telephone: (503) 597-2525
Facsimile: (503) 597-2549
e-mail: krages@onemain.com

Attorney for Plaintiff Leonard D. DuBoff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| LEONARD D. DUBOFF,<br><br>                Plaintiff,<br><br>     v.<br><br>PLAYBOY ENTERPRISES INTERNATIONAL, INC., a Delaware corporation, and MICHAEL GROSS, an individual,<br><br>                Defendants. | Case No. 06-CV-358-HA<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DISQUALIFY COUNSEL |

     In 1989, the law firm of Davis Wright Tremaine ("DWT") was retained by Plaintiff Leonard DuBoff, the law firm of McMenamin, Joseph, Babener & Carpenter, and Michael McArthur-Phillips[1] (a former associate of the law firm) to defend them in a lawsuit titled *Ainslie et al. v. Spolyar et al*, Multnomah County Circuit Court No. A8912-07730, regarding their involvement

---

[1] Michael McArthur-Phillips is currently a partner at the Davis Wright Tremaine firm.

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DISQUALIFY COUNSEL — 1

in providing legal services in connection with a sale of securities. See Declaration of DuBoff at ¶1. The DWT firm represented Plaintiff in that matter until 1992, when the coverage under his Professional Liability Fund policy was exhausted. *Id*. at ¶2. The plaintiffs in the *Ainslie* matter claimed damages of several million dollars. The case was complex and generated boxes of files. Plaintiff was considered to be a person of significant interest in the litigation because he was the attorney who had brought the limited partnership client to the McMenamin, Joseph, Babener & Carpenter firm. During the course of the representation by DWT, Plaintiff provided that firm with extensive confidential information pertaining to the lawsuit as well as information that pertained to other sales of securities in which Plaintiff was involved in his capacity as a provider of legal services.. *Id*. Other attorneys who were affiliated with the McMenamin, Joseph, Babener & Carpenter law firm likewise provided the firm with confidential information about Plaintiff, including information that Plaintiff expected the firm to keep confidential. *Id.* Plaintiff had many discussions with attorneys at the DWT firm with respect to how his defense should proceed, during which he disclosed confidential information. *Id*. Plaintiff also disclosed personal and highly sensitive information including his private financial circumstances to attorneys at the firm. *Id.* Much of the information about Plaintiff is still relevant, confidential, and highly sensitive. *Id.*

Plaintiff filed the current lawsuit against Playboy Enterprises International, Inc. and Michael Gross (collectively the "Defendants") in state court on January 27, 2006. Defendants retained DWT to represent them in this action and removed the action to this court on March 14, 2006. Defendants, through their counsel DWT, filed a special motion to strike pursuant to ORS 31.150 on April 3, 2006. In that motion, the DWT firm makes numerous references associating Plaintiff with the *Ainslie* matter including the following statements:

"involvement in securities fraud schemes,"

"securities litigation in which plaintiff DuBoff is alleged to have illegally sold securities and participated in fraudulent transactions,"

"An associate also reported that plaintiff DuBoff's testimony in a recent securities fraud case was a bold-faced lie."

"involvement in multiple securities fraud schemes"

"a judgment of $2.5 million for securities fraud, with six other cases still pending, all establish the substantial truth of his shady past"

Declaration of Krages at ¶ 2.

These statements are used in various contexts in the Defendants' motion, including an attempt to establish a truth defense. The Defendant's motion also makes use of a document directly associated with the *Ainslie* matter to the Plaintiff's disadvantage. *Id*.

On May 2, 2006, Plaintiff's counsel was reviewing documents while preparing to respond to to Defendants' motion when he discovered that the DWT firm had represented Plaintiff in the *Ainslie* matter. Declaration of Krages. He consulted with Plaintiff, who after having his memory refreshed, confirmed that the firm had represented him in that matter. *Id*. Prior to this discovery, DWT had not contacted Plaintiff about the issue of conflict nor had Plaintiff consented to that firm's representation of Defendants in the present matter. *Id*. Plaintiff's counsel left a voice mail message with Duane Bosworth of the DWT firm that afternoon. *Id*. The message was returned the following day and Mr. Bosworth told Plaintiff's counsel that the matter had been previously been evaluated by the firm and that he could have an analysis of the conflict issue sent to Plaintiff's counsel. *Id*. Another attorney with the DWT firm sent a letter by facsimile on May 5, 2006 regarding this issue. *Id*. Plaintiff was able to give the letter due consideration on May 9, the day after the response to the Defendants' motion was filed. *Id*. After evaluating the letter and additional authority, he concluded that a conflict existed. *Id*. In a subsequent telephone conversation with Mr. Bosworth, the issue of the conflict was not resolved. *Id*.

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DISQUALIFY COUNSEL — 3

**POINTS AND AUTHORITIES**

A.  **Legal Authority**

Rule 1.9 of the Oregon Rules of Professional Conduct provides, in relevant part, the following:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interest of the former client unless each affected client gives informed consent, confirmed in writing.
>
> . . .
>
> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>> (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
>>
>> (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

B.  **Argument**

The DWT firm possesses information related to its representation of Plaintiff in the *Ainslie* which may be used to the disadvantage of Plaintiff and to the advantage of the Defendants in the current matter. Such information includes details relating to Plaintiff's involvement in the *Ainslie* matter and his financial circumstances. Should the firm be disqualified from the representation of the Defendants, it would be likely that the information it possesses about Plaintiff would not be used to Plaintiff's disadvantage in the present suit or would be used less than if that firm continues to act as counsel.

The present matter is significantly related to the *Ainslie* matter in which DWT previously represented Plaintiff because that firm is attempting to use that matter in its representation of its

clients in the present matter. It thus cannot be reasonably disputed that the *Ainslie* matter has significant relationship to the present action. Considering the complexity of the *Ainslie* matter, and stakes involved, it likewise cannot be reasonably be disputed that Plaintiff provided the DWT firm with confidential information during the time it represented him. Use of information possessed by DWT regarding Plaintiff is therefore likely to be materially adverse to Plaintiff's interests and therefore DWT should not be allowed to represent parties in this litigation who are adverse to Plaintiff.

## CONCLUSION

Based on the above, Plaintiff respectfully requests that the Court disqualify the Davis Wright Tremaine firm and its attorneys from representing the Defendants in the current matter.

Dated: May 12, 2006

           /s Bert P. Krages II
BERT P. KRAGES II, OSB# 87279
Attorney at Law
6665 S.W. Hampton Street, Suite 200
Portland, OR 97223
(503) 597-2525
(503) 597-2549 facsimile
krages@onemain.com

Attorney for Plaintiff