**DUANE A. BOSWORTH, OSB #**82507
duanebosworth@dwt.com
**KEVIN H. KONO, OSB #02352**
kevinkono@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2300
Portland, Oregon  97201
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

      Attorneys for Defendants
      Playboy Enterprises International, Inc.
      and Michael Gross

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| **LEONARD D. DUBOFF,**<br><br>           **PLAINTIFF**,<br><br>   v.<br><br>**PLAYBOY ENTERPRISES INTERNATIONAL, INC., a Delaware Corporation, and MICHAEL GROSS, an individual,**<br><br>         **DEFENDANTS**. | Case No. 06-00358-HA<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL** |

      Plaintiff DuBoff moves to disqualify present defense counsel, Davis Wright Tremaine, in this matter.  Davis Wright Tremaine appeared in this matter on March 14, 2006.  Seven weeks later, on May 2, 2006, plaintiff DuBoff was asked by his own counsel about Davis Wright Tremaine's representation of Mr. DuBoff, among other defendants, in a matter filed in 1989 and served in 1990, *Ainslie, et al. v. Spolyar, et al.*, Multnomah county Circuit Court No. 8912-07730.  Prompted by this question, and with his memory thus "refreshed," Plaintiff's

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

Memorandum, p. 3, Krages Decl., p. 2, plaintiff DuBoff now recalled that he had in fact been represented by Davis Wright Tremaine, as had his former law firm, McMenamin, Joseph, Babener & Carpenter and his associate, Michael McArthur-Phillips, for a period of time in that matter, although as he concedes, not through the conclusion of that matter.

Plaintiff seeks to disqualify defense counsel pursuant to Rules of Professional Conduct 1.9(a) and (c). Subsection (a) requires that the present matter be a "substantially related matter" to the former representation. It is not. Subsection (c) applies only to the "use" or "reveal[ing]" of "information relating to the former representation." This latter phrase is a term of art under the Rules of Professional Conduct. It concerns information actually *gained* in the performance of the former representation.[1] An examination of plaintiff's argument demonstrates that he does not in fact claim that any such gained information has been used or revealed in the present matter, nor could plaintiff make that claim. Moreover, as will be discussed herein, plaintiff's broad claim about what information was purportedly gained in the prior representation is in any event demonstrated to be incorrect. There is no basis for dismissal under RPC 1.9.

## I.   THE PRESENT LITIGATION IS NOT A "SUBSTANTIALLY RELATED MATTER" TO THE FORMER CASE

RPC 1.9(a) prohibits a lawyer, absent consent, from undertaking a representation adverse to a former client if the present representation would be in "the same or a substantially related matter." Examples provided in commentary to the Model Rules of Professional Conduct include prohibiting a lawyer who has prosecuted an accused person from representing the accused in a subsequent civil action against the government concerning the same transaction; prohibiting a lawyer from seeking to rescind on behalf of a new client a contract drafted on behalf of the former client; and prohibiting a lawyer who has represented multiple clients in a

---

[1] RPC 1.0(f) states: "'Information relating to the representation of a client' denotes both information protected by the attorney-client privilege under applicable law, and other information gained in a current or former professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client."

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

PDX 1430855v1 61612-2

matter from representing one of the clients against the others in the same or substantially related matter after a dispute arose among the clients in that matter. The former and instant lawsuits here do not share that kind of relationship. In *Ainslie, et al. v. Spolyar, et al.*, filed on December 29, 1989, defendants McMenamin, Joseph, Babener & Carpenter, Leonard DuBoff, and Michael McArthur-Phillips, among other defendants, were sued for securities violations. *See* Exhibit 1, Complaint. In the instant case, filed on January 27, 2006, plaintiff DuBoff is suing a magazine and an author for defamation and false light arising out of the statement that plaintiff was "a disgraced academic with a shady past," and for intentional infliction of emotional damage arising out of a question the author posed to plaintiff. On their face, the cases are in absolutely no way "substantially related matters."

Plaintiff objects, however, that in the defense of the instant matter there have been references that concern the former matter. Plaintiff further implies that Davis Wright Tremaine possesses confidential information that would be both material and detrimental to plaintiff if used in the instant matter. Each of these two points deserves scrutiny.

**A. The statements plaintiff cites do not arise from or concern any confidential information.**

Plaintiff lists five short references, made in defendants' 34-page memorandum, which he claims are about *Ainslie*, the case in which he was represented by Davis Wright Tremaine. Four of those five references, however, in fact also concern six other securities lawsuits in which plaintiff DuBoff was a defendant and in which plaintiff DuBoff does not claim he was represented by Davis Wright Tremaine. The fifth reference is to testimony by plaintiff DuBoff in a case in which he was not a defendant and in which he was clearly not represented by Davis Wright Tremaine, either. Moreover, each of these references come directly from publicly available documents and do not arise from or concern confidential information.

Plaintiff refers to the phrase "involvement in securities fraud schemes" which appears at page 4 of defendants' memorandum in the instant matter. The context in the

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

memorandum makes reference to the large stack of documents obtained by the author before he wrote the article in question, which documents it must be conceded are publicly available through the Oregon State Bar. The quote is: "The documents detailed repeated charges and analyses of plagiarism, violations of DuBoff's teaching contract, dishonesty with regard to the law school, violations of the American Bar Association's accreditation standards, and involvement in security fraud schemes …." As the context makes clear, the issues involved in the securities cases are only a small portion of the background which led the author to the published statement. Moreover, the reference here is to all securities cases, including the six in which plaintiff concedes Davis Wright Tremaine had no role. Finally, the statement does not arise from or concern confidential information but is instead based on public records.

Plaintiff next points to a statement in defendants' memorandum concerning "securities litigation in which plaintiff DuBoff is alleged to have illegally sold securities and participated in fraudulent transactions." In fact, defendants' memorandum, at pages 4 and 5, provides nothing more than a representation of what is contained in an April 6, 1992 memorandum to Steven Kanter, the Dean of the Lewis & Clark Law School. The full quote also concerns plagiarism. ("This memorandum advises the Dean about plagiarism concerns and pending securities litigation in which plaintiff DuBoff is alleged to have illegally sold securities and participated in fraudulent transactions.") Moreover, the reference is to all of the various securities lawsuits, not simply the *Ainslie* case. Again, the statement does not in any event arise from or concern confidential information but is instead based on public information.

Plaintiff refers to a statement at page 6 of defendants' memorandum that "an associate also reported that plaintiff DuBoff's testimony in a recent securities fraud case was a bold-faced lie." This statement describes the content of an October 8, 1993 memorandum to Jim Huffman, the Acting Dean of Lewis & Clark Law School. Moreover, that memorandum, Exhibit 5 to Gross Declaration, makes clear that the "recent securities fraud case" referenced was in fact *Ainslie v. First Interstate Bank of Oregon*, Multnomah County Circuit Court No. A9009-

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

05735, and not *Ainslie, et al. v. Spolyar, et al.*  Davis Wright Tremaine had absolutely no role in the case referred to in which plaintiff testified.  Additionally, it is public record that trial in that case, and Mr. DuBoff's testimony, came in April, 1993, at a time that Mr. DuBoff concedes he was no longer represented by Davis Wright Tremaine.

Plaintiff also refers to a statement on page 24 of defendants' memorandum concerning "involvement in multiple securities fraud schemes."  The full context is in fact: "[t]he public records describe multiple instances of plagiarism, dishonesty in plaintiff's representations to the Law School about his outside employment, violations of his teaching contract, dishonesty in his representations to the American Bar Association, and involvement in multiple securities fraud schemes …."  Again, the securities issues are only a portion of the statement and the reference is in any case fact to multiple lawsuits in which Davis Wright Tremaine had no role.  Moreover, this statement dos not arise from or concern any confidential information gained by Davis Wright Tremaine; in fact the statement expressly concerns information contained in public records.

Finally, plaintiff refers to the statement "a judgment of $2.5 million for securities fraud, with six other cases still pending, all establish the substantial truth of his shady past," found at page 25 of defendants' memorandum.  Plaintiff also appears to reference Exhibit 11 to the Declaration of Bosworth, which is in fact the judgment against defendant DuBoff in the *Ainslie v. Spolyar* case.  Importantly, that judgment was entered on December 15, 1992, after Davis Wright Tremaine had ceased representation of Mr. DuBoff.  The judgment itself is of course a public record.  The statement referenced does not in any event arise from or disclose any confidential information.

In summary, none of the statements plaintiff refers to arise from or disclose any confidential information of any sort.  Most of the statements also reference other securities lawsuits in which plaintiff DuBoff was a defendant and in which Davis Wright Tremaine was not involved.  One of the statements involves a case in which Mr. DuBoff testified but was not a

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

defendant and was not represented by Davis Wright Tremaine. All of the statements arise from public records obtained by the author, which records continue to be available to the public today. None of the statements arise out of or disclose confidential information obtained during any representation of Mr. DuBoff.

**B.    Davis Wright Tremaine did not gain confidential information which would be material and detrimental to plaintiff in this case.**

Davis Wright Tremaine did not in fact obtain the confidential information which plaintiff DuBoff broadly alleges[2] in his declaration. Plaintiff's broad claim that he provided Davis Wright Tremaine with the described confidential information is contradicted by attorney Robert Newell, attorney Kent B. Thurber, and by the exhaustive examination of the entire 57 boxes of Davis Wright Tremaine's records in the *Ainslie, et al. v. Spolyar, et al.* case.

That examination is described in the Declarations of Robert Newell and Kent B. Thurber, who caused the examination. Both lawyers reviewed all documents relating in any conceivable way to the allegations plaintiff has now made. Those documents confirm Mr. Newell's previous statement that neither he nor anyone in this firm gained any confidential information in the representation of plaintiff DuBoff that could be used to plaintiff's detriment in the instant matter. The firm did not obtain any personal or highly sensitive information about Mr. DuBoff of any kind. The firm did not obtain any kind of confidential information about

---

[2] While plaintiff did not even remember that he had ever been represented by Davis Wright Tremaine until he was told that by his attorney on May 2, 2006, it appears that plaintiff is now alleging his memory subsequently improved with regard to the nature of his conversations with Davis Wright Tremaine. As described herein, the record in this matter contradicts plaintiff. Moreover, plaintiff's new recollections should be contrasted with his memory about the *Ainslie v. Spolyar* case in the past. Nearly ten years ago, a time much closer to the events in question, plaintiff responded to the Oregon State Bar's inquiry into the *Ainslie* case. In that response, dated October 28, 1996, and attached hereto as Exhibit 2, plaintiff stated "Unfortunately, the events you are asking about took place many years ago and I do not recall the details." Exhibit 2, ¶ 5. With regard to a different transaction which he had previously failed to report to the Bar, plaintiff said "since the Barber/Frohnmayer transactions took place over a decade ago, it did not come to mind when I was questioned." Exhibit 2, ¶ 8. Similarly, plaintiff stated "Regrettably I do not recall any of the events surrounding the breaking of escrow in this offering." Exhibit 2, ¶ 10.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

PDX 1430855v1 61612-2

plaintiff from any lawyer affiliated with the McMenamin, Joseph, Babener & Carpenter law firm. Had Mr. Newell obtained any such information which could be detrimental to Mr. DuBoff, he would have declared a conflict among the defendants he was representing, a matter to which he was extremely sensitive. Similarly, Davis Wright Tremaine did not receive any confidential information concerning Mr. DuBoff's personal liability in the *Ainslie* case. Again, any such information would have raised a conflict issue in that matter. The record demonstrates that no such information was received. Finally, the record and Mr. Newell's own statements about this matter demonstrate that Mr. DuBoff did not at any time provide any information concerning his private financial circumstances to Mr. Newell or to anyone at Davis Wright Tremaine. Moreover, Mr. DuBoff now appears to be claiming that his private financial circumstances 16 years ago could in any event be used to his detriment in the instant matter. The passage of time belies that claim. Moreover, Mr. DuBoff has conceded that he filed bankruptcy in July, 1993, after his representation by Davis Wright Tremaine had ended. During his bankruptcy plaintiff fully disclosed his financial situation. Indeed, with regard to *any* allegedly received confidential information, the passage of more than a decade and a half belies plaintiff's claim, even if in fact any confidential information had been received, which it was not.

## II. THERE HAS BEEN NO "USE" OR "REVEALING" OF ANY CONFIDENTIAL INFORMATION OBTAINED IN A PRIOR REPRESENTATION.

RPC 1.9(c) applies to any "use" or "revealing" of any confidential information. As the Declarations of Robert Newell and Kent B. Thurber establish, in fact there has been no confidential information obtained in the course of a prior representation which could be used to plaintiff's detriment in the present matter. Additionally, an examination of plaintiff's argument demonstrates that in fact plaintiff is not claiming that there has been any use of any such information or any revealing of any such information. Plaintiff's argument that defense counsel should be disqualified on the basis of RPC 1.9(c) is without basis.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

PDX 1430855v1 61612-2

### III.     CONCLUSION

For the reasons stated above, plaintiff's motion to disqualify counsel should be denied.

DATED this 26th day of May, 2006.

**DAVIS WRIGHT TREMAINE LLP**


By   /s/ Duane A. Bosworth
     **DUANE A. BOSWORTH**
     OSB #82507
     **KEVIN H. KONO**
     OSB #02352
     Telephone: (503) 241-2300
     Facsimile: (503-778-5299
     duanebosworth@dwt.com

     Of Attorneys for Defendants Playboy Enterprises
     International, Inc. and Michael Gross

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a copy of the foregoing **DEFENDANTS'**

**RESPONSE TO PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL** on:

> Bert P. Krages II, OSB #87279
> Attorney at Law
> 6665 S.W. Hampton Street, Suite 200
> Portland, OR 97223
> (503) 597-2525
> (503) 597-2549 (FAX)
> krages@onemain.com
>
> > Attorney for Plaintiff

☑     by electronically mailed notice from the court on the date set forth below;

☐     by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to said attorney's last-known address and deposited in the U.S. mail at Portland, Oregon on the date set forth below;

☐     by causing a copy thereof to be hand-delivered to said attorney on the date set forth below;

☐     by faxing a copy thereof to said attorney at his/her last-known facsimile number on the date set forth below.

DATED this 26th day of May, 2006.

**DAVIS WRIGHT TREMAINE** LLP

By   /s/ Duane A. Bosworth
     **DUANE A. BOSWORTH**
     OSB #82507
     **KEVIN H. KONO**
     OSB #02352
     Telephone: (503) 241-2300
     Facsimile: (503-778-5299
     duanebosworth@dwt.com
     kevinkono@dwt.com

     Attorneys for Defendants Playboy Enterprises
     International, Inc. and Michael Gross