**Thomas H. Tongue, OSB No. 68167**
E-Mail:  tht@dunn-carney.com
**David P. Rossmiller, OSB No. 98339**
E-Mail:  dpr@dunn-carney.com
Dunn Carney Allen Higgins & Tongue LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR  97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324

      Of Attorneys for Defendants Playboy
      Enterprises International, Inc., and Michael Gross

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **LEONARD D. DUBOFF**,<br>            Plaintiff,<br><br>    v.<br><br>**PLAYBOY ENTERPRISES INTERNATIONAL, INC., a Delaware Corporation, and MICHAEL GROSS, an individual**,<br><br>            Defendants. | No. 06-CV-358-HA<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEY FEES AND COSTS** |

The Court granted defendants' special motion to strike under ORS 31.150, and on June 28, 2007, entered judgment in favor of defendants.  ORS 31.152(3) states that "A defendant who prevails on a special motion to strike made under ORS 31.150 shall be awarded reasonable attorney fees and costs . . . ."  Defendants' Motion for Attorney Fees and Costs requests that the Court enter a supplemental money judgment with the specific amount of attorney fees and costs: fees of $16,383 and costs of $130.11.  Defendants reserve the right to request additional sums if objections are made to the fees and costs that defendants' counsel must respond to.

Offered in support of defendants' motion are this memorandum, defendants' Bill of

Costs, and the accompanying affidavit of David P. Rossmiller and the exhibit to the affidavit.

### A. Oregon law is used in a diversity action to determine the reasonableness of an amount of attorney fees.

An award of attorney fees and the reasonableness of fees incurred in a lawsuit based in diversity are governed by state law. *Kabatoff v. Safeco Ins. Co. of America*, 627 F.2d 207, 210 (9th Cir. 1980). Under Oregon law, the question of what amount constitutes a reasonable attorney's fee is an issue of fact to be determined as any other factual issue. *Id.*, citing *Progress Quarries, Inc. v. Lewis*, 281 Or. 441, 451, 575 P.2d 158 (1978).

The usual federal method of analyzing attorney fees is the lodestar method, and while Oregon does not use the same exact framework, the analytical structure and the factors used in analysis are substantially the same. *See Morales v. City of San Rafael*, 96 F.3d 359, 363-64 (9th Cir. 1996) (listing factors that are part of lodestar analysis); *Kabatoff*, 627 F.2d at 210 (listing factors similar to those of ORS 20.075(2)).

Because all plaintiff's claims – libel, false light and intentional infliction of emotional distress – were dismissed pursuant to defendants' motion to strike under ORS 31.150, there are no issues present in this case of allocation of attorney fees and costs among the claims.

### B. Defendants' fees and costs are reasonable under the criteria used by Oregon and federal courts.

The factors relevant to reasonableness of attorney fees are listed in ORS 20.075(2) as follows:

1. the time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services;

2. the likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases;

3. the fee customarily charged in the locality for similar legal services;

  4.  the amount involved in the controversy and the results obtained;

  5.  the time limitations imposed by the client or the circumstances of the case;

  6.  the nature and length of the attorney's professional relationship with the client;

  7.  the experience, reputation and ability of the attorney performing the services; and

  8.  whether the fee of the attorney is fixed or contingent.[1]

The amount requested for costs and attorney fees in this case is only a portion of the defendants' actual costs. Defendants are mindful of the Court's disqualification of defendants' prior counsel, the Davis Wright Tremaine firm, and are not claiming fees and costs relating to work done by that firm. Only work done by substitute counsel, Dunn Carney Allen Higgins & Tongue, is claimed. The fees claimed are reasonable in light of the result obtained, the necessity for substitute counsel to rapidly come up to speed on the case, the difficulty of the legal questions, the reputation of Dunn Carney and fees customarily charged for commercial litigation in the Portland area. The attorneys on this case, Thomas Tongue and David Rossmiller, charged $385 and $295 an hour, respectively. (A small amount of time spent on this matter after the start of 2007, when Dunn Carney's billing rates increased, was billed at $395 and $310 an hour, respectively). Paralegal time was billed at $140 an hour. *See* Affidavit of David Rossmiller, ¶¶ 1, 2. *See also* client invoices attached as Exhibit A to the Rossmiller Aff. Three hours of time spent preparing this motion, memorandum, affidavit and Bill of Costs are claimed but not reflected in Exhibit A. Rossmiller Aff., ¶ 3.

The District Court's guidelines for attorney fee petitions call for parties to address the

---

[1] These factors are almost identical to the *Kerr* factors used by the Ninth Circuit to analyze fee awards before the advent of the lodestar method. *See Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975, cert. denied, 425 U.S. 951 (1976)). After the lodestar method became the standard, the Ninth Circuit found that some of the *Kerr* factors were subsumed in the lodestar calculation. *Morales v. City of San Rafael*, 96 F.3d 359, 363-64 (9th Cir. 1996).

Page 3 MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEY FEES AND COSTS

most recent edition of the Oregon State Bar's Economic Survey. The most recent edition appears to have been released in 2002, and is based on 2001 data, and is therefore somewhat out of date. Nevertheless, even back in 2001, the survey shows business and corporate litigation rates in the 95th percentile averaged $333 in the Portland area, which is lower than the majority of attorney hours claimed in this fee petition.

**C.      Defendants claim only those costs allowed by federal statute.**

Expenses that may be taxed as costs by federal courts are enumerated in 28 U.S.C. § 1920 as follows:

1. Fees of the clerk and marshal;

2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and copies of papers necessarily obtained for use in the case;

5. Docket fees under Section 1923 of this title;

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Not all costs that might be allowed in state court can be awarded by a federal court.

/////

/////

/////

/////

/////

/////

/////

Page 4     MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEY FEES AND COSTS
\\DCASPDX-IS1\DMNFSL1\DCAPDX\431135\1\DCAPDX_n431135_v1_Fees-Memo.doc

most recent edition of the Oregon State Bar's Economic Survey. The most recent edition appears to have been released in 2002, and is based on 2001 data, and is therefore somewhat out of date. Nevertheless, even back in 2001, the survey shows business and corporate litigation rates in the 95th percentile averaged $333 in the Portland area, which is lower than the majority of attorney hours claimed in this fee petition.

**C.      Defendants claim only those costs allowed by federal statute.**

Expenses that may be taxed as costs by federal courts are enumerated in 28 U.S.C. § 1920 as follows:

1. Fees of the clerk and marshal;

2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and copies of papers necessarily obtained for use in the case;

5. Docket fees under Section 1923 of this title;

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Not all costs that might be allowed in state court can be awarded by a federal court.

/////

/////

/////

/////

/////

/////

/////

Page 4     MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEY FEES AND COSTS

\\DCASPDX-IS1\DMNFSL1\DCAPDX\431135\1\DCAPDX_n431135_v1_Fees-Memo.doc

However, copying charges are allowed under subsection (4) of the statute. Of the $150.35 in total costs incurred by defendants, $130.11 is for copying and related charges, which are claimed in the accompanying Bill of Costs.

DATED this 12th day of July, 2007.

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP

/s/ David P. Rossmiller
**Thomas H. Tongue, OSB No. 68167**
**David P. Rossmiller, OSB No. 98339**
Telephone: (503) 224-6440
Of Attorneys for Defendants Playboy Enterprises
    International, Inc., and Michael Gross